IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EMMANUEL BULL,

          Plaintiff,                     1:05-CV-01255 ALA P

      vs.

A.K. SCRIBNER, et al.,

          Defendants.              <u>ORDER</u>

_____/

      Plaintiff Emmanuel Bull is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.

      Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).  A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff has filed a two-hundred and ninety-seven (297) page complaint which lists numerous defendants. Such a complaint is in violation of the Federal Rules of Civil Procedure, Rule 8, which requires that Plaintiff use "short and plain" statements and that the complaint be "simple, concise, and direct." FED. R. CIV. P. 8(a)–(e).

To proceed, Plaintiff must file an amended complaint. Any amended complaint shall not exceed fifteen (15) pages. Additionally, any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

2

1  heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

2  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

3      Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

4  directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

5  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

6  claim."); FED. R. CIV. P. 8.

7      Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

8  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

9  defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

10  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

11  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

12  Civil Procedure is fully warranted" in prisoner cases).

13      A district court must construe pro se pleading "liberally" to determine if it states a claim

14  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

15  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

16  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

17  the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell*

18  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

19      The court (and defendant) should be able to read and understand Plaintiff's pleading

20  within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

21  defendants with unexplained, tenuous or implausible connection to the alleged constitutional

22  injury or joining a series of unrelated claims against many defendants very likely will result in

23  delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

24  pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

25      An amended complaint must be complete in itself without reference to any prior

26  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

1  files an amended complaint, the original pleading is superseded.

2      Plaintiff is admonished that by signing an amended complaint he certifies he has made

3  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

4  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.

5  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

6  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.

7  Admin. Code § 3005.

8      A prisoner may bring no § 1983 action until he has exhausted such administrative

9  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

10 *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

11 amended complaint he certifies his claims are warranted by existing law, including the law that

12 he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

13 his action.

14     Therefore,  IT IS HEREBY ORDERED that:

15         1.  Plaintiff's October 3, 2005, complaint is dismissed;

16         2.  Plaintiff is granted thirty-five (35) days to file an amended complaint.  Failure

17 to file an amended complaint will result in this matter being dismissed; and

18         3.  Plaintiff is ordered to limit his amended complaint to fifteen (15) pages.

19 /////

20 Dated: November 20, 2007

21                                    /s/ Arthur Alarcón_____
                                       UNITED STATES CIRCUIT JUDGE
22                                    Sitting by Designation

23

24

25

26

4