# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL BULL,<br><br>        Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, et al.,<br><br>        Defendants. | CASE NO. 1:05-cv-01255-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br><br>OBJECTIONS DUE IN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Pending before the Court is the November 13, 2009, second amended complaint.

On November 20, 2007, an order was entered, dismissing the original complaint with leave to file a first amended complaint. That order noted that the complaint was 297 pages long, listing numerous defendants. The Court found that the complaint was not a "short and plain" statement of Plaintiff's claims within the meaning of Federal Rule of Civil Procedure 8(a). Plaintiff filed a first amended complaint in response to the November 20, 2007, order. On May 20, 2009, an order was entered, screening the first amended complaint and granting Plaintiff leave to file a second

amended complaint. In the first amended complaint, Plaintiff stated a claim for relief against Defendant Correctional Officers Brown and Rivera for a single incident of excessive force occurring on September 18, 2002. Plaintiff failed to state any other claims for relief. Specifically, Plaintiff failed to state a claim for relief on his due process claim relating to a disciplinary hearing. The disciplinary hearing was conducted by Lt. Villareal. Plaintiff also failed to state a claim for relief on his allegations regarding interference by Defendant Grannis with the filing of an inmate appeal.

In the order granting Plaintiff leave to file a second amended complaint, Plaintiff was advised of the requirements of Federal Rule of Civil Procedure 18(a). Rule 18(a) provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Plaintiff was specifically advised that though multiple claims against a single party are fine, claim A against Defendant 1 should not be joined with unrelated claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass a multiple claim, multiple defendant suit produces, but also to ensure that prisoners pay the required filing fees.

The Court noted that Plaintiff had the best chance of stating a claim regarding his allegations of the September 18, 2002, incident of excessive force against Defendants Brown and Rivera. The Court also screened the disciplinary hearing claim regarding Lt. Villareal (relating to the April 16, 2003, hearing) and Plaintiff's claim that Defendant Grannis prevented him from filing an inmate appeal. The Court advised Plaintiff that the first amended complaint stated an Eighth Amendment claim against Defendants Brown and Rivera for the incident on September 18, 2002, but failed to state any other claims for relief.

In response to the May 20, 2009, order, Plaintiff filed the second amended complaint that is now before the Court.[1] In the second amended complaint, Plaintiff names 24 individual defendants,

---

[1] Plaintiff names the following individual defendants in the second amended complaint: A.K. Scribner, Warden at SATF; Correctional Officer (C/O) R. Pierce; Lieutenant W.R. Villareal; Sergeant R. Beer; C/O Brock; C/O Bell; C/O Parra; C/O J. Neighbors; C/O Romero; C/O J. Nails; Sgt. R.K. Hartenstein; C/O J. Zamora; C/O V. Rivera; N. Grannis, Chief if Inmate Appeals; Sgt. B. Cooke; Lt. A Diaz; Sgt. B. Silva; C/O J. Counters; C/O Trevino; C/O M. Aboytts.

1  and sets forth claims regarding the following incidents: The April 16, 2003, disciplinary hearing; a
2  disciplinary hearing on February 27, 2003; a denial of visiting privileges on January 1, 2003; a claim
3  of excessive force on April 10, 2002, by Defendants Brock, Bell, Parra and Romero; a claim of
4  excessive force on July 8, 2002, by Defendants Neighbors, Nails, Hartenstein, Zamora, Gutierrez and
5  Carriaso; a claim of excessive force on September 18, 2009, by Defendants Brown, Fehlman and
6  Rivera.  Plaintiff makes no mention of the September 18, 2002, incident referred to in the first
7  amended complaint.

8  **II.    Screening Requirement**

9  The Court is required to screen complaints brought by prisoners seeking relief against a
10 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The
11 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
12 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
13 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
14 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
15 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
16 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

17 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
18 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
19 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
20 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
21 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
22 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading
23 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
24 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements
25 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
26 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

27 **III.   Plaintiff's Claims**

28 In the order dismissing the first amended complaint, Plaintiff was clearly advised that Federal

3

Rule of Civil Procedure 18(a) prevents him from joining unrelated claims. Plaintiff was advised that he stated a claim as to the September 18, 2002, incident, and that he could possibly amend to cure the defect regarding the April 16, 2003, disciplinary hearing. In the second amended complaint that is now before the Court, Plaintiff fails to include the September 18, 2002, incident. The Court will screen Plaintiff's second amended complaint regarding the April 16, 2003, hearing regarding the interference with the inmate appeals process. As to the remaining claims, the Court finds them to be unrelated to either the April 16, 2003, claim or the September 18, 2002 claim. Plaintiff was clearly advised of the rule that he may not bring unrelated claims. The Court finds that Plaintiff's excessive force allegations regarding the incidents in April and July of 2002 and September of 2009 are separate and distinct events from the incident at issue in the first amended complaint. Though the September 2009 incident involves the same defendants, it occurred several years after the event at issue in the first amended complaint. The disciplinary hearing on February 27, 2003, is a separate event from the April 16, 2003, hearing and involves different defendants. Plaintiff's sole claim regarding the April 16, 2003, hearing is that Lt. Villareal conducted the hearing in such a manner that it violated Plaintiff's due process rights. The Court finds that the January 1, 2003, denial of visitation privileges is unrelated to any claim in the first amended complaint.

### A. April 16, 2003, Disciplinary Hearing

In the second amended complaint, Plaintiff alleges that as the hearing officer at the April 16, 2003, disciplinary hearing, Lt. Villareal denied Plaintiff's requests to call any witnesses. (Am. Compl. 10:4-6.) Plaintiff was also deprived of the opportunity to present exculpatory evidence. (Am. Compl. 10:12-13.) Plaintiff alleges that, as a result of the guilty finding, he was denied parole at his parole hearing (Am. Compl. 12:12-13.)

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In

applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Plaintiff's allegations are that he was denied the opportunity to present witnesses and the opportunity to present exculpatory evidence. Such allegations, if proven, would necessarily invalidate the guilty finding. Plaintiff alleges that as a result of the allegedly invalid disciplinary hearing, he was denied parole. Plaintiff may not, therefore, state a claim for relief unless he has alleged facts indicating that his conviction has been reversed, expunged, or otherwise invalidated. He has not done so here.

Further, Plaintiff's own exhibits contradict his allegations. Page 7 of the exhibits attached to his second amended complaint (numbered as Plaintiff's exhibit B-1-T) is a copy of Rules Violation Report (RVR) and hearing on the RVR on April 16, 2003.[2] This exhibit indicates that signed affidavits from inmates Hutchinson, Baines, Toussaint and Aldredge were entered into evidence. Plaintiff did request other inmate witnesses, but was denied on the ground that "all of the requested witnesses were denied based on the Subject's own admission that they would have no additional or relevant information to provide." (Pltf.'s Exh. B-1-T, p. 2.) The following evidence was presented at the hearing: Rules Violation Report, Log #3A-03-03-020; CDC-837 Incident Package, Log # COR -03A-02-03-0142; Medical Report of Injuries (CDC-7219); D.A.'s Notification Letter; Investigative Employee's Report, authored by C/O K. Malloy; CDC-1030 Confidential Information Disclosure Form; self-prepared handwritten statement; Subject's plea and plea statement at the hearing; signed affidavit from inmate Hutchinson; signed affidavit from inmate Baines; signed

---

[2] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

affidavit from inmate Toussaint; signed affidavit from inmate Aldredge. Id. Regarding his allegation that he was not allowed to present exculpatory evidence, Plaintiff does not refer to any specific evidence that he was not allowed to present.

Plaintiff has not alleged that his conviction was reversed, expunged or otherwise invalidated. Further, Plaintiff's own exhibits indicate that, although he was unable to call certain witnesses, he was allowed to enter into evidence their signed affidavits. Plaintiff has not, therefore, stated a claim for relief regarding his April 16, 2003, disciplinary hearing.

### B.  Inmate Appeals

In the second amended complaint, Plaintiff restates his allegations regarding Defendant Grannis. Specifically, Plaintiff alleges that Grannis "either suspend, reject, denied Plaintiff CDCR 602 appeal complaint." A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

6

Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). The failure to timely process inmate appeals pursuant to state prison regulations is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nor does the delay, denial, or screening-out of Plaintiff's inmate appeals, even if erroneous, result in an "atypical and significant hardship." Id. Plaintiff has no protected liberty interest in the vindication of his administrative claims. This claim should therefore be dismissed.

## IV.     Conclusion and Recommendation

The first amended complaint states a claim for relief under 1983 against Defendant s Brown and Rivera for excessive force. Plaintiff's allegations in his second amended complaint regarding the April 16, 2003, disciplinary hearing and interference with the inmate appeal process fail to state a claim for relief. Because Plaintiff failed to include the allegations regarding Brown and Rivera in the second amended complaint, the second amended complaint should be dismissed for failure to state a claim for relief. Furthermore, Plaintiff has been advised of the deficiencies and has failed to cure them, the Court therefore recommends that Plaintiff not be give leave to file a third amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In the first amended complaint, Plaintiff has stated a claim for relief as to Defendants Brown and Rivera. The Court will therefore recommend that this action proceed on the first amended complaint against Defendants Brown and Rivera, and recommend that all other claims and defendants be dismissed.

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's first amended complaint, filed February 1, 2008, against Defendants Brown and Rivera for the incident of excessive force on September 18, 2002, in violation of the Eighth Amendment.

2. Plaintiff's claims regarding the February 27, 2003, disciplinary hearing, the denial of visiting privileges on January 1, 2003, the incident of excessive force on April 10, 2002, the incident of excessive force on July 8, 2002, and the incident of excessive

7

1  force on September 18, 2009, be dismissed.

2  3. The remaining defendants be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 21, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE