# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL TYRONE BULL,<br><br>    Plaintiff,<br><br>    v.<br><br>A. K. SCRIBNER, et al.,<br><br>    Defendants. | 1:05-cv-01255-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT<br>(Doc. 43.) |

## I. BACKGROUND

Emmanuel Tyrone Bull ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 3, 2005. (Doc. 1.) This action now proceeds on Plaintiff's First Amended Complaint filed on February 1, 2008, against defendants Brown and Rivera for an incident of excessive force on September 18, 2002, in violation of the Eighth Amendment.[1] (Doc. 18.) On April 29, 2011, Plaintiff filed a motion entitled "Motion to Alter or Amend the Judgment, Process Receipt and Return, Summons in Civil Case, Notice of Submission of Documents," in which Plaintiff seeks leave to amend the complaint. (Doc. 43.)

## II. MOTION TO AMEND

Plaintiff seeks leave to amend the complaint to correct the spelling of defendants' names. Plaintiff explains that since he filed the complaint, he has learned that defendant J. Brown's name is J. M. Brown, and defendant Y. Rivera's name is Y. Rivera-Linares.

---

[1] On December 2, 2010, the Court dismissed the remaining claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 31.)

1

1  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
2  pleading once as a matter of course at any time before a responsive pleading is served. Otherwise,
3  a party may amend only by leave of the court or by written consent of the adverse party, and leave
4  shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, Plaintiff has filed
5  a First Amended Complaint and a Second Amended Complaint, and no other parties have appeared.
6  (Docs. 18, 28.) Therefore, Plaintiff may not file another amended complaint without leave of court.

7  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
8  requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)
9  (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the
10 amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
11 delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient
12 to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
13 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)) The
14 "court's discretion to deny leave to amend is particularly broad where the court has already given
15 the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan
16 Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

17 The Court finds no good cause for Plaintiff to amend the complaint at this stage of the
18 proceedings merely to clarify the spelling of defendants' names. For defendant Brown, Plaintiff only
19 seeks to add a middle initial. The change in the spelling of defendant Rivera's last name appears to
20 have been made after the events at issue in the complaint occurred, and changing the name in the
21 complaint may cause confusion. For both defendants, these name changes do not affect the identity
22 of the defendants, the allegations, the merits of the case, or service of process.[2] Moreover,
23 amendment of the complaint at this stage of the proceedings will cause an undue delay in the
24 litigation. This action has been pending for nearly six years, and further delay will prejudice
25 defendants. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and

---

[2] Based on information provided by Plaintiff, including the spelling of defendants' names as J. M. Brown and Y. Rivera-Linares, the Court, by separate order, shall direct the Marshal to initiate re-service upon the defendants.

2

1  evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); also see
2  Sibron v. New York, 392 U.S. 40-57, 88 S.Ct. 1889 (1968).  Therefore, Plaintiff's motion for leave
3  to amend shall be denied.

**III.    CONCLUSION**

Based on this analysis, the Court finds that Plaintiff has not shown good cause to amend the complaint at this time.  Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint is DENIED.

IT IS SO ORDERED.

Dated:    **September 22, 2011**                         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE