IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL BULL, | 1:05-cv-01255-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING SIXTY-DAY EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S CURRENT DISCOVERY REQUESTS |
| vs. | (Doc. 66.) |
| WARDEN A. K. SCRIBNER, et al., | ORDER GRANTING MOTION TO MODIFY DISCOVERY/SCHEDULING ORDER (Doc. 68.) |
| Defendants. | ORDER EXTENDING DEADLINES FOR ALL PARTIES TO THIS ACTION |
| | **New Discovery Cut-Off Date:** 11/29/2012 |
| | **New Dispositive Motions Deadline:** 01/29/2013 |

**I.   BACKGROUND**

Emmanuel Bull ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 3, 2005. (Doc. 1.) This case now proceeds on the First Amended Complaint, filed on February 1, 2008, against defendants Brown and Rivera ("Defendants") for excessive force in violation of the Eighth Amendment. (Doc. 18.)

1

On January 19, 2012, the Court issued a Discovery/Scheduling Order establishing deadlines of September 19, 2012 for completion of discovery and November 29, 2012 for the parties to file pretrial dispositive motions. (Doc. 52.) This case is presently in the discovery phase.

On July 16, 2012, Defendants filed a motion to stay the discovery deadline or, in the alternative, to extend time for Defendants to respond to Plaintiff's current discovery requests. (Doc. 66.) On July 27, 2012, Defendants filed a motion to modify the Discovery/Scheduling Order. (Doc. 68.) Defendants' motions are now before the Court.

## II. MOTION FOR STAY OR EXTENSION OF TIME

Defendants request a stay of the discovery deadline, relieving them of their obligation to respond to Plaintiff's current discovery requests until the Court rules on Defendants' motion to dismiss. In the alternative, Defendants request an extension of time to respond to Plaintiff's pending discovery requests. Defendants argue that the motion should be granted because (1) the information Plaintiff seeks in his current discovery requests is irrelevant to the grounds on which Defendants base their motion to dismiss, and (2) the expenditure of resources required to respond to current discovery requests will be needless if the Court grants the pending motion to dismiss.

Defendants assert that on June 21, 2012, Plaintiff served requests for production of documents and things on Defendants, and Defendants' responses are due on August 6, 2012. Defendants also note that their deadline for taking Plaintiff's deposition is fast approaching. Defendants argue that discovery should be stayed, or an extension of time should be granted, because the Court does not require additional information to decide the motion to dismiss and Plaintiff would not be prejudiced by the stay. Defendants argue that if the motion to dismiss is granted, Defendants would be relieved of the burden and expense of the discovery process, and Plaintiff would have the opportunity to focus his discovery on any surviving claims, thus limiting time and expense for all parties.

Defendants have shown good cause for an extension of time to respond to Plaintiff's current discovery requests. Therefore, Defendants shall be granted sixty days from the date of service of this order in which to respond to all of Plaintiff's current discovery requests.

## II.     MOTION TO MODIFY SCHEDULING ORDER

Defendants also request that the discovery and dispositive motions deadlines of the Discovery/Scheduling Order of January 19, 2012 be vacated, and that the deadlines be reset, if necessary, after the Court rules on Defendants' pending motion to dismiss.

Modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b). Defendants argue that if their motion to dismiss is granted, the expenditure of resources required to conduct discovery, take Plaintiff's deposition, and prepare a motion for summary judgment will be unnecessary. Here, Defendants have shown good cause to extend the discovery and dispositive motions deadlines for all parties to this action. The Court is required to construe and administer the Federal Rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Therefore, Defendants' motion to modify the Discovery/Scheduling Order shall be granted.

## III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants are GRANTED an extension of time until sixty days from the date of service of this order in which to respond to all of Plaintiff's discovery requests served upon Defendants on or before the date of service of this order;

2. Defendants' motion to modify the Court's Discovery/Scheduling Order is GRANTED;

3. The discovery and dispositive motions deadlines are extended for all parties to this action;

4. The deadline for the completion of discovery, including the filing of motions to compel, is extended from September 19, 2012 to **November 29, 2012**;

5. The deadline for the parties to file and serve pretrial dispositive motions is extended from November 29, 2012 to **January 29, 2013**; and

6. All other provisions of the Court's January 19, 2012 Discovery/Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **July 30, 2012**                         /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE