# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMMANUEL BULL,

Plaintiff,

v.

WARDEN A. K. SCRIBNER, et al.,

Defendants.

_______________________________/

1:05-cv-01255-LJO-GSA-PC

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE SURREPLY (Doc. 64.)

ORDER STRIKING PLAINTIFF'S SURREPLY AND SUPPLEMENTAL OPPOSITION (Docs. 63, 71, 72.)

ORDER DENYING DEFENDANTS' MOTION FOR EXTENSION OF TIME AS MOOT (Doc. 73.)

ORDER PERMITTING PLAINTIFF OPPORTUNITY TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION IN LIGHT OF SEPARATELY ISSUED NOTICE (Doc. 61.)

THIRTY-DAY DEADLINE

Plaintiff Emmanual Bull ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action now proceeds on the First Amended Complaint, filed on February 1, 2008, against defendants Brown and Rivera ("Defendants") for excessive force in violation of the Eighth Amendment. (Doc. 18.)

On March 19, 2012, Defendants filed a motion to dismiss this action for failure to exhaust administrative remedies. (Doc. 57.) Plaintiff filed an opposition on May 9, 2012. (Doc. 61.)

Defendants filed a reply to the opposition on May 14, 2012. (Doc. 62.) On June 27, 2012, Plaintiff filed a surreply. (Doc. 63.) On July 2, 2012, Defendants filed a motion to strike Plaintiff's surreply. (Doc. 64.) On August 2, 2012, Plaintiff filed a supplemental opposition. (Docs. 71, 72.) On August 3, 2012, Defendants filed a motion for an extension of time in which to reply to Plaintiff's supplemental opposition. (Doc. 73.)

**I. MOTION TO STRIKE PLAINTIFF'S SURREPLY**

Defendants bring a motion to strike Plaintiff's surreply titled "Supplemental Answering Objection to the Defendants' Reply to Opposition to Motion to Dismiss Plaintiff's First Amended Complaint" and filed on June 27, 2012, on the basis that it is an unauthorized pleading.

The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Accordingly, Defendants' motion to strike shall be granted, and Plaintiff's surreply, filed on June 27, 2012, shall be stricken from the record as an unauthorized pleading.

**II. PLAINTIFF'S SUPPLEMENTAL OPPOSITION**

Plaintiff supplemental opposition filed on August 3, 2012 shall also be stricken from the record as an unauthorized pleading. The Court will not consider multiple oppositions.

**III. DEFENDANTS' MOTION FOR EXTENSION OF TIME**

Defendants request an extension of time to reply to Plaintiff's supplemental opposition. In light of the Court's ruling striking Plaintiff's supplemental opposition, Defendants' motion for extension of time is moot and shall be denied as such.

**IV. OPPORTUNITY FOR PLAINTIFF TO WITHDRAW OPPOSITION AND FILE AMENDED OPPOSITION, IF HE SO WISHES**

In light of the recent decision in Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012), Plaintiff must be provided with "fair notice" of the requirements for opposing a motion to dismiss for failure to exhaust remedies at the time the motion is brought, and the notice given in this case more than a year ago does not suffice. By separate order entitled "Amended Second Informational Order - Notice and Warning of Requirements for Opposing Defendants' Motion to Dismiss," issued

concurrently with this order, the Court has provided the requisite notice. **The Court will not consider multiple oppositions,** however, and Plaintiff has two options upon receipt of the notice and this order. Plaintiff may either (1) stand on his previously-filed opposition filed on May 9, 2012 or (2) withdraw it and file an amended opposition.[1]

## V. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to strike Plaintiff's surreply, filed on July 2, 2012, is GRANTED;
2. Plaintiff's surreply filed on June 27, 2012 and Plaintiff's supplemental opposition filed on August 2, 2012 are STRICKEN from the record as unauthorized pleadings;
3. Defendants' motion for extension of time, filed on August 3, 2012, is DENIED as moot;
4. Plaintiff may, within **thirty (30) days** from the date of service of this order, withdraw his opposition to Defendants' motion to dismiss and file an amended opposition;
5. If Plaintiff does not file an amended opposition in response to this order, his existing opposition, filed on May 9, 2012, will be considered in resolving Defendants' motion to dismiss; and
6. If Plaintiff elects to file an amended opposition, Defendants' existing reply, filed on May 14, 2012, will not be considered and they may file an amended reply pursuant to Local Rule 230(l).

IT IS SO ORDERED.

**Dated:** **August 23, 2012**

/s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes the comprehensive nature of Plaintiff's existing opposition, but its adequacy is apparently irrelevant. Plaintiff is entitled to an opportunity to file an amended opposition following "fair notice" to him of the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies. Woods, 684 F.3d at 940.