# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUAL BULL, | 1:05-cv-01255-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT AGAINST DEFENDANTS |
| v. | (Docs. 53, 54, 55.) |
| WARDEN A. K. SCRIBNER, et al., | |
| Defendants. | |

**I. BACKGROUND**

Emmanual Bull ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 3, 2005. (Doc. 1.) This case now proceeds on Plaintiff's First Amended Complaint, filed on February 1, 2008, against defendants Correctional Officer ("C/O") J. M. Brown and C/O Y. Rivera (collectively "Defendants") for an incident of excessive force on September 18, 2002, in violation of the Eighth Amendment. (Doc. 18.) On January 23, January 24, and January 26, 2012, Plaintiff filed requests for entry of default against Defendants. (Docs. 53, 54, 55.)

**II. ENTRY OF DEFAULT -- RULE 55**

Plaintiff argues that default should be entered against Defendants under Rule 55(a), because Defendants were served with a copy of the summons and complaint and had not pled or issued an answer, although more than thirty days had passed since the date of service.

1

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

**III.    DISCUSSION**

In this action, the United States Marshal ("Marshal") sent Waiver of Service forms on behalf of Plaintiff to Defendants on October 14, 2011. (See Doc. 49.) Counsel for Defendant signed the forms on December 12, 2011 and returned them to the Marshal. Id. The Marshal received the completed forms on December 15, 2011 and filed them at the Court on January 5, 2012. Id. Based on this evidence, the Court concludes that Defendants timely waived service under Rule 4(d), causing their answers to be due sixty days later, on December 13, 2011.

On December 12, 2011, before the sixty-day deadline had expired, Defendants filed a motion for an extension of time to file a response to the amended complaint, and on December 15, 2011, the Court granted Defendants a thirty-day extension of time. (Docs. 47, 48.) Defendants filed a timely answer on January 17, 2012.[1] (Doc. 50.) Because Defendants made a timely appearance in this action on December 12, 2011, via a motion for extension of time, and filed a timely answer on January 17, 2012, the Court finds no evidence that Defendants failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default against Defendants.

///

---

[1] In computing a time period specified in the Federal Rules of Civil Procedure, when the period is stated in days and the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(c). In this instance, 30 days from December 15, 2011 was January 14, 2012, which was a Saturday. The following Monday, January 16, 2012, was Martin Luther King Day, which is a federal holiday. Therefore, the 30 day extension of time for Defendants to file a response continued to run until Tuesday, January 17, 2012. Thus, Defendants' answer, filed on January 17, 2012, was timely.

2

IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's requests for entry of default against Defendants, filed on January 23, January 24, and January 26, 2012, are DENIED.


IT IS SO ORDERED.

Dated:   **November 19, 2012**                         **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE