# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL BULL, | 1:05-cv-01255-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| WARDEN A. K. SCRIBNER, et al., | (Doc. 57.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN **THIRTY (30) DAYS** |

**I. BACKGROUND**

Emmanuel Bull ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 3, 2005. (Doc. 1.) This case now proceeds on Plaintiff's First Amended Complaint,[1] filed on February 1, 2008, against defendants Correctional Officer ("C/O") J. M. Brown and C/O Y. Rivera (collectively "Defendants") for an incident of excessive force on September 18, 2002, in violation of the Eighth Amendment.[2] (Doc. 18.) On March 19, 2012, Defendants filed a motion to dismiss for failure to exhaust administrative remedies before filing suit. (Doc. 57.) On

---

[1] Plaintiff filed a Second Amended Complaint on November 13, 2009. (Doc. 28.) However, on December 2, 2010, the Court issued an order for this action to proceed on the claims found cognizable in Plaintiff's First Amended Complaint. (Doc. 31.)

[2] On December 2, 2010, the Court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim and violation of Rule 18. (Doc. 31.)

1

September 12, 2012, Plaintiff filed an amended opposition to the motion.[3] (Doc. 78.) On October 9, 2012, Defendants filed a reply to Plaintiff's amended opposition, and objections to Plaintiff's supplemental evidence. (Docs. 81, 82.) Defendants' motion to dismiss is now before the Court.

## II.   PLAINTIFF'S ALLEGATIONS AGAINST DEFENDANTS RIVERA AND BROWN

Plaintiff is a state prisoner presently incarcerated at Calipatria State Prison in Calipatria, California. The events at issue in this action allegedly occurred at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff alleges in the First Amended Complaint that on September 18, 2002, outside the housing unit, C/O J. M. Brown and C/O Y. Rivera body slammed Plaintiff to the ground and jumped on Plaintiff's back while he lay handcuffed on the ground.

## III.   MOTION TO DISMISS FOR FAILURE TO EXHAUST

### A.   Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

---

[3] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 6, 2011, July 9, 2012, and August 23, 2012. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Docs. 36-1, 65, 77.) On March 19, 2012, Defendants filed the motion to dismiss. (Doc. 57.) On May 9, 2012, Plaintiff filed an opposition to the motion. (Doc. 61.) On May 14, 2012, Defendants filed a reply to the opposition. (Doc. 62.) On June 27, 2012, Plaintiff filed a surreply. (Doc. 63.) On July 2, 2012, Defendants filed a motion to strike Plaintiff's surreply. (Doc. 64.) On August 2, 2012, Plaintiff filed a supplemental opposition. (Docs. 71, 72.) On August 23, 2012, the Court issued an order striking Plaintiff's surreply and supplemental opposition, and granted Plaintiff the opportunity to withdraw his opposition of May 9, 2012, and file an amended opposition within thirty days. (Doc. 76.) On September 12, 2012, Plaintiff filed an amended opposition. (Doc. 78.)

1    The Ninth Circuit has recognized that the PLRA "'does not require exhaustion when
2 circumstances render administrative remedies effectively unavailable.'" Albino v. Baca, 2012 WL
3 4215918 at *4 (September 21, 2012) (quoting Sapp v. Kimbrell 623 F.3d 813, 822 (9th Cir. 2010);
4 accord Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available'
5 remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then
6 there are no 'remedies ... available,' and the prisoner need not further pursue the grievance."
7 (alteration in original.))

8    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
9 defense under which Defendants have the burden of raising and proving the absence of exhaustion.
10 Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative
11 remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a
12 summary judgment motion. Wyatt at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's
13 Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure
14 to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed
15 issues of fact. Wyatt at 1119-20. If the Court concludes that the prisoner has failed to exhaust
16 administrative remedies, the proper remedy is dismissal without prejudice. Id.

17    For a defendant "to meet his burden, he must show that (1) a grievance procedure existed and
18 (2) [the plaintiff] did not exhaust the grievance procedure." Albino, 2012 WL 4215918 at *5; see
19 Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 5 (9th Cir. 1996); Tuckel v. Grover, 660 F.3d 1249,
20 1254 (9th Cir. 2011) ("Defendants thus bear the burden of asserting and proving that the plaintiff did
21 not utilize administrative remedies."). Once the defendant has met his burden, the burden shifts to
22 the plaintiff to demonstrate that the grievance procedure was unavailable. Albino at *6; see Hilao
23 at 778 n. 5 ("Once the defendant makes a showing of remedies abroad which have not been
24 exhausted, the burden shifts to the plaintiff to rebut by showing that the local remedies were
25 ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.") (quoting S.Rep. No.
26 249 at 9–10)).

27    The Court takes judicial notice of the fact that the California Department of Corrections and
28 Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code

3

Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). In 2002, prisoners were required to submit appeals within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c) (2002). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5 (2002). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### B. Defendants' Motion

Defendants argue that this action should be dismissed because Plaintiff failed to exhaust the CDCR's administrative appeals process regarding his claims against Defendants, before filing suit. Defendants claim that Plaintiff failed to file any grievances pertaining to the claims in this action. Defendants provide evidence that after September 18, 2002 [the date of the incident at issue], Plaintiff submitted only nine inmate appeals that were accepted for review and decided at the third level of review before October 3, 2005 [the date Plaintiff filed this lawsuit], concerning incidents at SATF and Corcoran State Prison. (Declaration of D. Foston ("Foston Decl."), Doc. 57-2 ¶4.) Only three of the nine appeals alleged officer misconduct, and none of those appeals apply to this action. Defendants also provide evidence that between September 18, 2002 and October 3, 2005, the Office of Appeals for the CDCR screened out three appeals submitted by Plaintiff. (Id. ¶6.)

### C. Plaintiff's Opposition

The Court looks to Plaintiff's amended opposition filed on September 12, 2012, and the three complaints filed in this action by Plaintiff on October 3, 2005, February 1, 2008, and November 13, 2009. (Docs. 1, 18, 28, 78.) [4]

///

---

[4] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed his three complaints under penalty of perjury. (Doc. 1 at 101; Doc. 18 at 3, 18; Doc. 28 at 9.) Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints and their accompanying exhibits. Plaintiff's amended opposition filed on September 12, 2012 is also verified and therefore contains admissible evidence. (Doc. 78 at 9.) The Court also reviewed Plaintiff's verified opposition filed on May 9, 2012, but found no additional evidence to be considered. (Doc. 61.)

Plaintiff does not dispute Defendants' evidence, but argues that he exhausted his administrative remedies pertaining to the claims in this action by prison appeal log number COR-02-03660, which was not addressed by Defendants. Plaintiff provides evidence that on October 24, 2002, he submitted prison grievance log number COR-02-03660, complaining that on September 18, 2002, he was subjected to excessive physical force by C/O J. M. Brown and C/O Y. Rivera. (Amd Opp'n, Doc. 78 at 2 ¶2, 18-20 (Exh. G-1-A.); Cmp, Doc. 1-1 at 94-95 ¶35; 2d Amd Cmp, Doc. 28 at 109-114.) The Appeals Coordinators bypassed the informal level of review. (Amd Opp'n at 2 ¶3, 18; 2d Amd Cmp at 111.) On December 17, 2002, Plaintiff was interviewed concerning his grievance, and the grievance was partially granted at the first level of review. (Amd Opp'n at 2-3 ¶4, 19, 22; Cmp, Doc. 1-1 at 95 ¶36; 2d Amd Cmp at 112, 115.) On January 28, 2003, Plaintiff submitted an appeal to the second level of review. (Amd Opp'n at 4 ¶8, 19; 2d Amd Cmp at 112.) On February 6, 2003, the second level reviewers responded back in writing, rejecting the appeal, stating, "There has been too great a time lapse between when the action or decision occurred and when you filed your appeal with no explanation of why you did not or could not file in a timely fashion. Event occurred 9/18/02, Appeal filed 10/24/02." (Amd Opp'n at 5 ¶12, 24; 2d Amd Cmp at 117.) On March 23, 2003, Plaintiff submitted the appeal to the third level, or Director's Level, of review. (Amd Opp'n at 6 ¶16, 19; 2d Amd Cmp at 112.) On April 11, 2003, N. Grannis, Chief of the Inmate Appeals Branch, rejected the appeal because it had not been completed at the second level of review. (Amd Opp'n at 6 ¶17, 26; 2d Amd Cmp at 119.) On April 27, 2003, Plaintiff re-submitted the appeal to the second level of review, where it was again rejected. (Amd Opp'n at 7 ¶¶19-20, 27; 2d Amd Cmp at 120.)

Plaintiff argues that he exhausted his remedies because he completed the process available to him through the third level of review. Plaintiff argues that the Appeals Coordinators waived the untimely submission of his grievance when they failed to raise the timeliness issue in their first level response and instead addressed the grievance on the merits. Plaintiff also argues that the "2nd Level Reviewers deliberately, maliciously, [and] ... arbitrarily" acted out of retaliation to reject his appeal. (Amd Opp'n at 4 ¶11.)

///

**D.    Defendants' Reply**

Defendants reply that because Plaintiff's grievance COR-02-03660 was untimely submitted to the first level reviewed, it was properly screened out at all other levels. Defendants argue that the reviewer's processing of the grievance at the first level, to the extent that CDCR investigated Plaintiff's allegations of staff misconduct, did not constitute a procedural waiver regarding the exhaustion process. Defendants also argue that even if the grievance should be deemed "procedurally exhausted," the grievance was factually insufficient to "alert[] the prison" as to the nature of Plaintiff's claim against defendants Rivera and Brown, and therefore the excessive force claim at issue is unexhausted. (Reply, Doc. 82 at 2:11-13.)

Defendants acknowledge that Plaintiff submitted grievance no. COR-02-03660 on October 24, 2002; that the grievance was partially granted at the first level of review; that Plaintiff's appeal was rejected as untimely at the second level of review; that Plaintiff's appeal was rejected at the third level of review for failure to complete the second level; and that Plaintiff attempted to re-submit the appeal to the second and third levels where it was rejected. (Amd Opp'n, Doc. 78 at 18-27.) However, Defendants argue that Plaintiff's appeals were properly rejected because Plaintiff failed to timely submit his grievance within the required fifteen days. Defendants argue that the grievance process was not inadequate and unavailable, because the appeal reviewers did not improperly screen out his appeals, refuse to timely respond, or otherwise use affirmative misconduct to thwart Plaintiff's attempts to exhaust. With regard to Plaintiff's arguments that the appeals reviewers were biased or that his appeals were rejected for retaliatory reasons, Defendants argue that Plaintiff provides no factual context, factual allegations, or evidence to support such contentions. Defendants also argue that prison officials did not waive their objection that Plaintiff's appeal was untimely filed, because government agencies do not waive a defense of untimely exhaustion merely by accepting and investigating an administrative complaint.

Defendants object to Plaintiff's supplemental evidence cited in opposition to the motion to dismiss, on the grounds that Plaintiff makes improper legal conclusions, offers impermissible opinions, and makes misstatements that are unduly prejudicial, confusing, or misleading.

///

### E. <u>Discussion</u>

The Court finds that Defendants' objections to Plaintiff's supplemental evidence should be overruled as irrelevant, because none of the evidence cited by Defendants in the objections was relied upon by the Court in making these findings and recommendations.

The Court has taken judicial notice of the fact that the CDCR has an administrative grievance system for prisoner complaints, which Plaintiff was required to follow. Cal.Code Regs., tit. 15 § 3084.1. There is no disagreement between the parties that Plaintiff failed to properly follow and complete the administrative process. Defendants submitted evidence that Plaintiff did not successfully complete any appeal concerning the incident at issue in the complaint to the final, Director's Level of review, and Plaintiff concedes that he failed to comply with the requirement under Cal.Code Regs., tit. 15 § 3084.5 to file the original grievance within 15 working days of the incident at issue. By this evidence, Defendants have met their burden. However, a third level, or Director's Level, response is not necessary to satisfy the exhaustion requirement, and the mere absence of a Director's Level response does not entitle Defendants to dismissal. <u>Brown</u>, 422 F.3d at 935-36 ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available"). As discussed above, § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies *as are available* are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). The question here is whether Plaintiff exhausted all of the remedies that were made available to him.

Plaintiff cites no authority for his contention that the untimely filing of his grievance was waived because of prison officials' actions in screening the grievance. The Ninth Circuit determined in <u>Sapp</u>, <u>Nunez</u>, and <u>Albino</u> that "affirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable." <u>Albino</u>, 2012 WL 4215918 at *8; <u>Sapp</u>, 623 F.3d 813; <u>Nunez v. Duncan</u>, 591 F.3d 1217 (9th Cir. 2010). "In <u>Sapp</u>, [the Ninth Circuit] determined 'that improper screening of an inmate's administrative grievances render[ed] administrative remedies "effectively unavailable" such that exhaustion [was] not required

under the PLRA.'" Albino, 2012 WL 4215918 at *6 (quoting Sapp, 623 F.3d at 823.) The Court "found that '[i]f prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable.'" Id. The Court held that "[t]o fall within this exception, a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening." Sapp at 823.

In Nunez, the Ninth Circuit determined that "Nunez's failure to exhaust his administrative remedies was excused, 'because he took reasonable and appropriate steps to exhaust his ... claim and was precluded from exhausting, not through his own fault but by the Warden's mistake.'" Albino at *7 (quoting Nunez, 591 F.3d at 1224). Because the Warden gave Nunez an erroneous citation, upon which Nunez reasonably relied, Nunez ultimately failed to properly follow the grievance procedures. Id. (citing Nunez at 1221-23.)

In Albino, the inmate argued that he did not file a written grievance because he did not know about the grievance procedure at the jail and no one informed him of it, maintaining that "'even if a grievance procedure existed, the failure to explicitly inform him of it obviates his need to exhaust,' because the failure to inform him of the grievance procedure (even though he never asked) rendered it unavailable." Albino at *2. The Court decided that Albino's failure to exhaust was not excused, because "there [was] no evidence that LASD [jail] officials took any action to delay or thwart Albino's efforts to utilize or exhaust its grievance procedure." Id. at *8. The Court found that the grievance procedure was knowable and accessible, and Albino's subjective unawareness of the procedure did not cause it to be unavailable. Id. at *11.

In the present case, Plaintiff provides no evidence that the appeals reviewers or any other prison official thwarted his attempts, even innocently, to properly exhaust remedies. Plaintiff makes no argument that he was not aware of the grievance process, that he was prevented from filing a timely grievance, or that his grievance was improperly screened out at any level. Plaintiff fails to demonstrate that he properly utilized the process available to him, and the mere fact that prison officials conducted an investigation into Plaintiff's untimely grievance did not cause Plaintiff's untimeliness to be excused.

Therefore, based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies before filing suit, pursuant to 42 U.S.C. § 1997e(a), and Defendants are entitled to dismissal of this action.

## V. CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action. Plaintiff has not shown that he exhausted all the remedies available to him. Therefore, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on March 19, 2012, be GRANTED, dismissing this action without prejudice.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 19, 2012**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE