UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL BULL, | 1:05-cv-01255-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR COURT TO STOP COLLECTION OF FILING FEE (ECF No. 101.) |
| vs. | |
| WARDEN A. K. SCRIBNER, et al., | |
| Defendants. | |

## I.    BACKGROUND

This case was dismissed on March 21, 2013 based on Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), and judgment was entered.  (ECF Nos. 91, 92.)  Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, now brings a motion for the Court to stop collection of the filing fee for this action from Plaintiff's prison trust account.  (ECF No. 101.)

## II.    *IN FORMA PAUPERIS* STATUS – 28 U.S.C. § 1915

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*.  "Plaintiffs normally must pay [the filing fee] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive

1

the fee, for most individuals unable to afford it, by granting *in forma pauperis* status."
<u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1051 (9th Cir. 2007).  However, notwithstanding being
granted leave to proceed *in forma pauperis*, "if a prisoner brings a civil action . . , the prisoner
shall be required to pay the full amount of a filing fee" through payments deducted from the
prisoner's prison trust account.  28 U.S.C. § 1915(b)(1).  After payment of an initial filing fee,
if any, "the prisoner shall be required to make monthly payments of 20 percent of the preceding
month's income credited to the prisoner's account.  The agency having custody of the prisoner
shall forward payments from the prisoner's account to the clerk of the court each time the
amount in the account exceeds $10 until the filing fees are paid."  28 U.S.C. § 1915(b)(2).

## III.     PLAINTIFF'S MOTION

Plaintiff requests the Court to stop the California Department of Corrections and
Rehabilitation (CDCR) from continuing to collect payment from his prison trust account
statement for the filing fee for this action, because he is indigent and was granted leave to
proceed *in forma pauperis* in this action.

### B.     <u>Discussion</u>

Plaintiff filed this case on October 3, 2005 and submitted an application to proceed *in
forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1, 2.)  On October 28, 2005, the
Court issued orders granting Plaintiff leave to proceed *in forma pauperis* and directing the
CDCR to send payments to the Clerk of the Court from Plaintiff's prison trust account
statement until the filing fee of $250.00 was paid in full.  (ECF Nos. 5, 6.)

*In forma pauperis* status allows a prisoner's case to be filed and proceed without full
payment of the filing fee, but does not excuse the prisoner from payment of the filing fee in
payments, over time, from the prisoner's trust account.  Under the federal statute, the Court is
required to collect payments for the filing fee when funds exist.  28 U.S.C. 1915(b)(1),(2).
Plaintiff's argument that he cannot afford to pay the filing fee is unpersuasive.  Numerous
prisoners in similar circumstances are paying the filing fees for their lawsuits in this manner.
Plaintiff provides no evidence that the CDCR is not properly collecting payments for the filing
fee pursuant to the Court's order.  Therefore, Plaintiff's motion shall be denied.

**IV.     CONCLUSION**

Based on the foregoing, Plaintiff's motion for the Court to stop collection of the filing fee for this action, filed on October 28, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **September 13, 2016**         /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

3